IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**LINWOOD RUDOLPH WILLIAMS,**

    **Plaintiff,**

v.                                              Civ. Action No. 1:18-CV-18
                                                  (Judge Kleeh)

**ZACHERIA ALI and
GANGSTER CHRONICLE
WORLD WIDE, LLC,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge"). For the reasons discussed herein, the Court adopts the R&R in part.

**I.   PROCEDURAL HISTORY**

On June 10, 2019, the Court granted the Plaintiff, Linwood Rudolph Williams ("Plaintiff"), leave to amend his complaint. ECF No. 49. The Amended Complaint was filed at ECF No. 50. The Magistrate Judge then directed entry of default against the Defendants, Zacheria Ali and Gangster Chronicle World Wide, LLC (together, "Defendants"), noting that a summons for each was returned executed on July 31, 2019. ECF No. 65. An Answer or other responsive pleading to the Complaint was due by August 21, 2019,

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

and none had been filed. Id. The Clerk then entered default. ECF No. 66.

Plaintiff then filed a Motion for Default Judgment. ECF No. 67. The Magistrate Judge entered an R&R, recommending that the Motion for Default Judgment be granted and that $1,500.00 in damages be awarded to Plaintiff. ECF No. 73. Plaintiff filed handwritten objections on December 13, 2019. ECF No. 75. He filed a second set of objections on February 4, 2020, which appear to be the same objections but typed. ECF No. 80.

## II.  FACTS

Plaintiff objects to only two of the Magistrate Judge's factual findings. For reasons discussed herein, the Court overrules these objections. The Court hereby adopts and incorporates the R&R's summary of testimony and its factual findings.

## III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### IV.  GOVERNING LAW

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "The Clerk of the Court's 'entry of default' pursuant to Rule 55(a) . . . provides notice to the defaulting party prior to the entry of default judgment by the court." Broadcast Music, Inc. v. CTR Hotel Partners, LLC, 2013 WL 1187157, at *1 (N.D.W. Va. Mar. 21, 2013) (citing Carbon Fuel Co. v. USX Corp., No. 97-1995, 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998)). After the entry of default, the non-defaulting party may move the court for "default judgment" under Rule 55(b).

Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is

Case 1:18-cv-00018-TSK-MJA   Document 85   Filed 08/07/20   Page 4 of 13   PageID #: 348

**WILLIAMS V. ALI**                                                          1:18-CV-18

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

neither a minor nor an incompetent person." On the other hand, when the sum is not certain, a default judgment may only be entered by the Court. See Fed. R. Civ. P. 55(b)(2). In determining whether to enter default judgment, all well-pleaded facts are deemed admitted as to liability, but the amount of damages is not deemed admitted. See Broadcast Music, 2013 WL 1187157, at 2 (citing Ryan v. Homecoming Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Id. (citing Fed. R. Civ. P. 54(c)).

## V.  DISCUSSION

The Magistrate Judge recommended that the Court grant Plaintiff's motion for default judgment and award damages in the amount of $1,500.00. Plaintiff timely objected to the Magistrate Judge's R&R and raised a number of issues. The Court will discuss the merits of each objection in turn.

### A.  Objection to Magistrate Judge's finding that Plaintiff asked Defendants for a book deal

Plaintiff objects to the Magistrate Judge's factual finding that Plaintiff asked Defendants for a book deal. Plaintiff writes that it was Defendant who proposed the book deal to Plaintiff, not vice versa. ECF No. 75 at 2. The Court, after reviewing the testimony from the hearing, affirms the Magistrate Judge's factual

Case 1:18-cv-00018-TSK-MJA   Document 85   Filed 08/07/20   Page 5 of 13   PageID #: 349

**WILLIAMS V. ALI**                                                              **1:18-CV-18**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

finding on this issue. Plaintiff testified that he received a letter from Zacheria Ali offering him a position as a writer on Ali's website. Plaintiff testified that he then asked Ali for a book deal, a documentary, and a full-length feature movie. Plaintiff's objection on this issue is overruled.

> **B.   Objection to Magistrate Judge's finding that Plaintiff's contract with Defendants was for the publication of three books**

Plaintiff objects to the Magistrate Judge's factual finding that Plaintiff's contract with Defendants was for the publication of three books (a "trilogy"). Plaintiff writes that the written contract is actually for four books and a documentary. The Court affirms the Magistrate Judge's factual finding on this issue. Plaintiff testified that he and Defendants reached a publication deal for a trilogy. The Magistrate Judge discusses the fourth book and the documentary. Plaintiff's objection on this issue is overruled.

> **C.   Objection to Magistrate Judge's "characterizing and reducing his pleadings to a mere 'breach of contract' claim"**

Plaintiff objects to the Magistrate Judge's characterization of his pleadings as a breach of contract claim. Plaintiff writes that his Amended Complaint includes fraud, theft, breach of contract, and copyright infringement claims. The Court finds that

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

this objection has no merit. The Magistrate Judge analyzes Plaintiff's copyright allegations and does not mischaracterize Plaintiff's pleadings. Therefore, this objection is overruled, and the R&R is adopted with respect to this issue.

### D.   Objection to the evidentiary hearing

Plaintiff objects to the "flawed evidentiary hearing" that took place on March 20, 2019. Plaintiff argues that the hearing was "haphazard and narrow in scope, time and focus" and that he "was unable to clarify or elaborate upon his answers to Magistrate's limited inquiries." He was told that the call was from his attorney, so he was unprepared for the hearing. The Court overrules this objection and affirms the R&R on this issue. Plaintiff was not entitled to an evidentiary hearing in line with his preferred "scope, time and focus."

### E.   Objection to Magistrate Judge's findings that Defendants did not commit Theft

The Amended Complaint alleges that "Defendants knowingly and willfully stole Plaintiff's copyrights to his book and manuscripts . . . ." For the reasons discussed in the following section, Plaintiff's copyright infringement claims fail, and, therefore, the theft claim fails as well. This objection is overruled, and the R&R is adopted as to this issue.

Case 1:18-cv-00018-TSK-MJA   Document 85   Filed 08/07/20   Page 7 of 13  PageID #: 351

**WILLIAMS V. ALI**                                                   **1:18-CV-18**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

**F.   Objection to Magistrate Judge's finding that there were no copyright infringements**

The Amended Complaint alleges that "Defendants infringed Plaintiff's Federal statutory and state common-law copyrights to his book Power Moves I by producing and selling ebook copies without Plaintiff's consent." Am. Compl., ECF No. 50, at ¶ 11. The Magistrate Judge found that the Amended Complaint does not provide evidence to support a claim for copyright infringement. See R&R, ECF No. 73, at 17.

"To establish a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., a plaintiff must prove that it possesses a valid copyright and that the defendant copied elements of its work that are original and protectable." See Copeland v. Bieber, 789 F.3d 484, 488 (4th Cir. 2015); see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

While Plaintiff does not introduce evidence that he holds a valid copyright on "Power Moves I" or any of his "Power Moves" books, he correctly notes that evidence of a valid copyright is not per se required for material to be designated as a "copyrighted" work of authorship. Evidence of registration is,

Case 1:18-cv-00018-TSK-MJA Document 85 Filed 08/07/20 Page 8 of 13 PageID #: 352

**WILLIAMS V. ALI** 1:18-CV-18

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

however, in most cases, a jurisdictional requirement to access relief in federal courts. According to the United States Code,

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title**. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a) (emphasis added).

Here, Plaintiff does not offer any evidence of a valid copyright on his works. He has produced no evidence that he is in the process of registering his work or that he has engaged in preregistration. Even though Plaintiff has created something with artistic value and has a copyright to that work, he cannot bring an action for copyright infringement because he does not have a preregistered or registered copyright.

Plaintiff relies on Lang-Correa v. Diaz-Carlo to support his objections to the R&R. While factually analogous to Plaintiff's case in some ways, there is one glaring distinction. Unlike

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

Plaintiff, Lang-Correa "submitted both federal and Puerto Rico registrations of his copyright ownership with respect to that book." 672 F. Supp. 2d 265, 270 (D.P.R. 2009).

Finally, as to Plaintiff's argument that he is protected under the "state common-law," the federal preemption provision of 17 U.S.C. § 301(a) states the following:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, **are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.**

(emphasis added). As the Eleventh Circuit has noted, "[s]ection 301 in effect establishes a two-pronged test to be applied in preemption cases." Crow v. Wainwright, 720 F.2d 1224, 1225 (11th Cir. 1983), cert. denied, 469 U.S. 819 (1984). The Fourth Circuit has explicitly stated that "Congress precluded state-law actions to enforce rights protected by federal copyright law in 'the clearest and most unequivocal language possible,' so as to 'avoid the development of any vague borderline areas between State and Federal protection.'" OpenRisk, LLC v. Microstrategy Servs. Corp.,

Case 1:18-cv-00018-TSK-MJA   Document 85   Filed 08/07/20   Page 10 of 13   PageID #: 354

**WILLIAMS V. ALI**                                                    **1:18-CV-18**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

876 F.3d 518, 523 (4th Cir. 2017) (citation omitted)). Accordingly, states are prohibited from enforcing penalties for copyright violations if the intellectual property at issue falls within the "subject matter of copyright" and if the claimed property rights are "equivalent to" the exclusive rights provided by federal law. Crow, 720 F.2d at 1225-26. For these reasons, Plaintiff's objections are overruled, and the R&R is affirmed on this issue.

  **G. Objection to Magistrate Judge's failure to address Fraud claim**

The Amended Complaint alleges that "Defendants knowingly and willfully stole Plaintiff's copyrights to his book and manuscripts by fraud and their continuing refusal to return said property . . . ." Am. Compl., ECF No. 50, at ¶ 12. Plaintiff objects to the Magistrate Judge's "continued failure to address his fraud claim." ECF No. 75 at 13. The Court recognizes that the Magistrate Judge does not address fraud in the R&R. However, because Plaintiff's copyright claim has no merit, the allegation that Defendants stole copyrights by fraud likewise fails.

  **H. Assessment of Damages**

Plaintiff objects to the Magistrates Judge's finding that the $1,500 Plaintiff received from Defendants was an advance, rather than a gift. He also objects generally to the Magistrate Judge's damages assessment.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

Plaintiff writes that the finding regarding the advance was arbitrary and unsupported in the record. He argues that the Magistrate Judge "brushe[d] Plaintiff's personal, sworn and uncontradicted recollection aside to credit the Defendants with an undeserved bonus." ECF No. 75 at 5. Regarding the overall assessment of damages, Plaintiff writes that the Magistrate Judge "fail[ed] to take into consideration Plaintiff's lost [sic] of 5 years of labor, his exclusive commitment, lost opportunities, profits, stress, aggravation, theft and fraud." Id. at 15. He argues that Defendants' copyright violations were willful and deliberate and that under 17 U.S.C. 107, the penalty per infringement can rise to $150,000.00. Id. Plaintiff argues, therefore, that he is entitled to at least $500,000 for Defendants' copyright infringements alone. Id.

As discussed above, Plaintiff's copyright allegations, along with any allegation of fraud that stems from copyright allegations, have no merit. The Court's assessment of damages must stem from the breach of contract claim. Plaintiff testified that the parties agreed to a $5,000 advance, that Plaintiff received a $2,000 advance, and that he received miscellaneous payments totaling $1,500 after that.

The Court agrees with the Magistrate Judge that any damages

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND**
**GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

based on loss of book sales are too speculative to be incorporated into the default judgment. However, the Magistrate Judge ruled that there was no evidence indicating that the additional $1,500 was a "gift from a friend" as argued by Plaintiff. The Court disagrees with the Magistrate Judge's analysis on this issue. Defendants have failed to defend this lawsuit, and Plaintiff's testimony that the money was not part of an advance is evidence for the Court to consider. Considering that $2,000 of the advance was paid to Plaintiff at once, it is possible that the incremental deposits were proceeds from sales of Plaintiff's book, rather than part of his advance. Taking Plaintiff's well-pled facts as true, the Court affirms Plaintiff's objection and rejects the R&R on this issue. The Court finds that the incremental deposits totaling $1,500 were not part of the advance. Based on the record before the Court, Plaintiff has only been paid $2,000 of the agreed-to $5,000 advance. Plaintiff is entitled to $3,000 in damages.

   I.   **Objection under Rule 54(c)**

Plaintiff argues that the Magistrate Judge violated Rule 54(c) of the Federal Rules of Civil Procedure by narrowing Plaintiff's four claims to one claim. This, Plaintiff argues, impermissibly makes the judgment different from what is demanded in the pleadings. The Court finds that the Magistrate Judge did

Case 1:18-cv-00018-TSK-MJA Document 85 Filed 08/07/20 Page 13 of 13 PageID #: 357

**WILLIAMS V. ALI** 1:18-CV-18

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION IN PART [ECF NO. 73] AND
GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 67]**

not narrow Plaintiff's claims as Plaintiff alleges. The R&R clearly discusses the breach of contract claim and the copyright infringement claims. This objection is overruled.

## VI. CONCLUSION

For the reasons discussed above, Plaintiff's objections are **OVERRULED IN PART** and **ADOPTED IN PART**, to the extent discussed above. The R&R is **ADOPTED IN PART** and **REJECTED IN PART**, to the extent described above. Plaintiff's Motion for Default Judgment is **GRANTED**. It is hereby **ORDERED** that damages be awarded to Plaintiff in the amount of $3,000.[1] The Clerk is **DIRECTED** to enter judgment against Defendants, pursuant to Rule 55 of the Federal Rules of Civil Procedure, in the amount of $3,000.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email and the pro se plaintiff, by certified mail, return receipt requested.

DATED: August 7, 2020

*Tom S Kleeh*
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[1] Given the speculative nature of the damages relating to book sales, the Court notes that Plaintiff may endeavor to prove those damages later if he produces more concrete evidence.

13